IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:11-CR-474-VEH-HGD |
| ) | |
| CRAIG ROWLAND NOWKA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION AND ORDER**

**I.   Introduction**

Defendant, Craig Rowland Nowka, has filed a motion in which he seeks to have the indictment dismissed and/or the provisions of 18 U.S.C. § 922(a)(1)(A) and (a)(5) declared unconstitutional.  In particular, Nowka challenges these statutes on the grounds that (1) they violate the Due Process Clause of the Fifth Amendment because they are so vague that an ordinary person cannot understand what conduct is prohibited (Doc. 15 at 5-8) and, (2) they impermissibly burden the right of a law-abiding, responsible citizen to purchase firearms.  (Doc. 15 at 8-11).

On May 10, 2012, Magistrate Judge Harwell G. Davis  entered a Report and Recommendation ("R&R") (doc. 26) recommending that the motion be denied. Nowka filed his Objections on May 21, 2012.  (Doc. 28).  The Government filed no

objections to the R&R, nor has the Government responded to the Defendant's Objections. Defendant's Objections are now before the Court.

The court has reviewed the pleadings, the R&R, and the Objections, and sets out its findings of fact and conclusions of law below. Based on those findings of fact and conclusions of law, the motion is due to be, and hereby is, **DENIED**.

## II. Standard of Review

Under the Federal Magistrates Act, Congress vested Article III judges with the power to authorize a magistrate judge to conduct evidentiary hearings. The relevant portion of the Act is found at 28 U.S.C. § 636. A district court judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of motions. This district has generally referred certain criminal proceedings, including motions to suppress, to its magistrate judges.

Within fourteen days after being served with a copy of the report and recommendation, any party may file written objections to the proposed findings and recommendations. *See* 28 U.S.C. § 636. After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge

"shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994). That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to factual findings by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

### III. Analysis

#### A. Factual and Procedural Background before Magistrate Judge

Nowka is charged in a thirteen-count [superceding] indictment. Nowka, however, has only challenged Counts One and Two. Therefore, the R&R, and this Opinion, are also limited to Counts One and Two. In Count One, Nowka is charged with willfully engaging in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A). In Count Two, Nowka is charged with being an Alabama resident who was not a licensed importer, manufacturer, dealer, or collector of firearms and who willfully transferred, sold, traded, gave, transported, and delivered a firearm to an individual, who also was not a licensed importer, manufacturer, dealer, or collector of firearms and who Nowka knew or had reason to know was not a resident of the State of Alabama, in violation of Title 18, United States Code, Section 922(a)(5).

#### B. R&R

The only "fact" found by Judge Davis to which Nowka has objected is Judge Davis's not making findings of fact and law consistent with his motion and the additional facts and points of law therein. (Objections, Doc. 28. p. 10). Neither party has objected to the legal standards set out in the R&R. Rather, Nowka has objected to Judge Davis's legal conclusions that the provisions and regulations relating to 18

U.S.C. § 922(a)(1)(A) and (a)(5) under which Nowka is prosecuted (1) are not unconstitutionally vague, and (2) do not violate Nowka's Second Amendment rights. The court finds that Judge Davis made no findings of fact, but only legal conclusions, and that this procedure was appropriate, given the nature of Nowka's challenges.

The court agrees with, and therefore **ADOPTS**, Judge Davis's legal conclusions, both as to Nowka's Fifth Amendment vagueness challenge and as to Nowka's Second Amendment right to bear arms challenge.

## IV. Conclusion

Wherefore, the court hereby finds that Nowka's Motion To Dismiss (doc. 15) is due to be, and hereby is, **DENIED**.

**DONE** and **ORDERED** this the 11th day of July, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge